**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

H.M. and M.M., on behalf of J.M. and A.M.,

                    Plaintiffs,

        -against-

New York City Department of Education,

                    Defendant.

**COMPLAINT**

**08 CV 01230 (WHP) (MHD)**

-----------------------------------------------------------------

Plaintiffs H.M. and M.M., on behalf of J.M. and A.M., by their attorneys, Mayerson & Associates, as and for their Complaint against defendant, the New York City Department of Education ("NYCDOE"), allege the following:

1.  This action seeks to assess, adjudicate, and fix the amount of plaintiffs' entitlement to statutorily recoverable attorneys' fees and the related costs and disbursements associated with having achieved "substantially prevailing party status" at successive administrative due process proceedings involving the provision of a free and appropriate public education ("FAPE") to plaintiff J.M., for purposes of the 2004-2005, 2005-2006, and 2006-2007 school years, and to plaintiff A.M. for purposes of the 2006-2007 school year.  This action is being brought pursuant to the provisions of 20 U.S.C. § 1400 *et. seq.*, more commonly known as the Individuals with Disabilities Education Improvement Act ("IDEIA"), and in particular, 20 U.S.C. §§ 1415(i)(3)(A)-(G).

2.  Pursuant to 20 U.S.C. §§ 1415(i)(3)(A)-(G), J.M. should be awarded attorneys' fees and costs as the substantially prevailing party in Case No. 55946 (2004-2005), Case No. 104006 (2005-2006), and Case No. 107976 (2006-2007) conducted through defendant's Impartial

Hearing Office. A.M. should be awarded attorneys' fees and costs as the substantially prevailing party in Case No. 107227 (2006-2007) conducted through the defendant's Impartial Hearing Office.

3. This Court has jurisdiction pursuant to 20 U.S.C. §§ 1415(i)(3)(A)-(G) and <u>A.R. v. N.Y. City Dept. of Educ.</u>, 407 F.3d 65 (2d Cir. 2005), without regard to the amount in controversy.

4. Venue properly lies in this district as plaintiffs reside and defendant has offices located in this district.

5. J.M. and A.M, the children of plaintiffs H.M. and M.M., are minor children who have been diagnosed with an autism spectrum disorder. J.M. and A.M. are, and at all relevant times have been, students within the NYCDOE entitled to all the rights and procedural safeguards mandated by applicable law and statutes, including but not limited to the IDEIA and the New York State Education Law.

6. Plaintiffs H.M. and M.M., the parents of J.M. and A.M., at all relevant times have resided within this district and currently reside in this District.

7. Plaintiffs H.M. and M.M., and their children J.M. and A.M., are not expressly named within this Complaint because of the privacy guarantees contained in the IDEIA and 20 U.S.C. § 1232(g), more commonly referred to as the Family Educational Rights and Privacy Act.

8. Defendant is a local educational agency that continues to have the responsibility to provide a free and appropriate public education (hereinafter "FAPE") to J.M. and A.M. in their least restrictive environment pursuant to their statutory rights as students with a disability.

### J.M.'s 2004-2005 School Year claim

9.  On or about August 31, 2004, plaintiffs initiated an administrative, due process proceeding (Case No. 55946) against the defendant, in order to secure reimbursement and other relief based upon the NYCDOE's failure to provide J.M. with a FAPE for purposes of the 2003-2004 school year.

10. Attorney Gary S. Mayerson and other Mayerson & Associates staff represented plaintiffs throughout this proceeding (Case No. 55946).

11. By Decision dated December 6, 2004, plaintiffs secured substantial relief and thus achieved status as a substantially prevailing party in Case No. 55946.  Defendant never appealed from the underlying administrative decision, which thus became final and non-appealable.

12. Upon information and belief, defendant thereafter never took a position to pay or refuse to pay plaintiffs' claim with respect to Case No. 55946.

### J.M's 2005-2006 School Year claim

13. On or about September 8, 2005, plaintiffs initiated an administrative, due process proceeding (Case No. 104006) against the defendant, in order to secure reimbursement and other relief based upon the NYCDOE's failure to provide J.M. with a FAPE for purposes of the 2005-2006 school year.

14. Attorney Christina D. Thivierge and other Mayerson & Associates functionaries represented plaintiffs throughout this proceeding (Case No. 104006).

15. By Decision dated May 30, 2006, plaintiffs secured substantial relief and thus achieved status as a substantially prevailing party in Case No. 104006.  Defendant never appealed from the underlying administrative decision, which thus became final and non-appealable.

### J.M.'s 2006-2007 School Year claim

16. On or about September 11, 2006 plaintiffs initiated an administrative due process proceeding (Case No. 107967) against the defendant, in order to secure reimbursement and prospective funding relief, as well as other relief, based upon the NYCDOE's continued failure to provide J.M. with a FAPE for the 2006-2007 school year.

17. Following a period of preparation and evidentiary disclosures, an evidentiary hearing followed. Pursuant to the United States Supreme Court's decision in Schaffer v. Weast, 546 U.S. 49 (2005), plaintiff assumed and bore the burden of persuasion on all three prongs of the Burlington/Carter test for relief. Plaintiffs' met that heavy burden.

18. By "Amended Findings of Fact and Decision" dated November 26, 2007, Impartial Hearing Officer Susan K. Markus rendered an award in favor of J.M., in Case No. 107967, establishing plaintiffs as substantially prevailing parties in that latest administrative due process proceeding. Defendant never appealed from the underlying administrative decision, which became final and non-appealable.

### A.M.'s 2006-2007 School Year claim

19. On or about October 3, 2006 plaintiffs initiated an administrative due process proceeding (Case No. 107227) against the defendant, in order to secure reimbursement and prospective funding relief, as well as other relief, based upon the NYCDOE's failure to provide A.M. with a FAPE for the 2006-2007 school year.

20. Following a period of preparation and evidentiary disclosures, an evidentiary hearing followed. Pursuant to the United States Supreme Court's decision in Schaffer v. Weast, 546 U.S. 49 (2005), plaintiff assumed and bore the burden of persuasion on all three prongs of the Burlington/Carter test for relief. Plaintiffs' met that heavy burden.

21. By "Findings of Fact and Decision" dated October 26, 2007, Impartial Hearing Officer Gary D. Peters rendered an award in favor of A.M., in Case No. 107227, establishing plaintiffs as substantially prevailing parties in that latest administrative due process proceeding. Defendant never appealed from the underlying administrative decision, which became final and non-appealable.

## Conclusion

22. Due to plaintiffs' status as substantially prevailing parties in successive proceedings and actions covering the 2004-2005, 2005-2006, and 2006-2007 school years, they are entitled to attorneys' fees and costs in the administrative proceedings at the IHO level.

23. The fees and costs that were recorded by plaintiffs' counsel are reasonable and appropriate and plaintiffs' counsel has recognized special expertise in special education matters in general, and autism spectrum matters in particular. The Second Circuit and other courts have previously recognized plaintiffs' counsel's special expertise and have held that IDEIA-based fees at the administrative level are to be treated no differently than attorneys' fees at the federal level.

24. Necessary duties involved with preparing J.M. and A.M's cases for the multiple administrative hearings at the IHO level included, but were not limited to: (a) significant file review and analysis of IEP's assessments, evaluations and progress reports; (b) communications with plaintiffs and other potential witnesses; (c) drafting, writing and filing detailed impartial due process hearing requests; (d) reviewing and disclosing documentary information relevant to J.M.'s claims; (e) scheduling and preparing witnesses to testify at the hearing; (f) developing an effective case presentation; (g) development of post-hearing submissions; and (h) commencing and prosecuting this action, including litigating any fee application that may be made, as well as any appeals that might be taken.

**PRAYER FOR RELIEF**

WHEREFORE, by reason of the foregoing, this Court should: (a) fix and award plaintiffs

attorneys' fees and related costs and disbursements from the IDEIA administrative due process

matters, in an amount to be set by this Court; (b) award plaintiffs their attorneys' fees and related

costs and disbursements of this action, including the anticipated fee application, in an amount to

be set by this Court; and (c) award plaintiffs such other, further and different relief as the Court

deems appropriate under the circumstances.

Dated: February 26, 2008
      New York, New York
                              Gary S. Mayerson (GSM8413)
                              Mayerson & Associates
                              Attorneys for Plaintiff
                              330 West 38th Street, Suite 600
                              New York, New York 10018
                              (212) 265-7200
                              (212) 265-1735 (fax)