UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

H.M. and M.M., on behalf of J.M. and A.M.,

                                Plaintiffs,

            --against--

New York City Department of Education,

                                Defendant.

**ANSWER**

08 CV 01230 (WHP)
(MHD)

------------------------------------------------------------------------ X

        Defendant New York City Department of Education ("NYC DOE" or "DOE"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for its Answer to the Amended Complaint ("Complaint"), respectfully alleges as follows:

1. Denies the allegations set forth in paragraph "1" of the Complaint, except admits, upon information and belief, that plaintiffs H.M. and M.M. are the parents of plaintiffs J.M. and A.M., and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' residence, and respectfully refers the Court to the statutory and regulatory authority cited and referred to therein for a complete and accurate statement of its contents.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "2" of the Complaint, except admits, upon information and belief, that plaintiffs H.M. and M.M. are the parents of plaintiffs J.M. and A.M.

3. Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiffs purport to proceed as set forth therein.

4. Denies the allegations set forth in paragraph "4" of the Complaint, and respectfully refers the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

5. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that plaintiffs purport to proceed as set forth therein.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except admits that plaintiffs purport to proceed as set forth therein.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court and to set forth a basis for venue as alleged therein, admits that defendant has offices located in this district, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the location of the plaintiffs' residence.

8. Denies the allegations set forth in paragraph "8" of the Complaint, and respectfully refers the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that plaintiffs requested an impartial hearing on or about September 8, 2005.

10. Denies the allegations set forth in paragraph "10" of the Complaint, except admits that plaintiffs re-filed their request for an impartial hearing on or about February 10, 2006.

11. Denies the allegations set forth in paragraph "11" of the Complaint, except admits that the impartial hearing in this matter took place on March 23, 2006 and April 10, 2006, that Christina D. Thivierge, an attorney from Mayerson & Associates, represented the plaintiffs, respectfully refers the Court to the judicial opinions referred to therein for a

complete and accurate statement of their contents and legal import, and respectfully refers the Court to the Impartial Hearing Officers Findings of Fact and Decision dated May 28, 2006 ("IHO decision") for a complete and accurate statement of its contents.

12. Denies the allegations set forth in paragraph "12" of the Complaint, except admits that plaintiffs submitted 25 exhibits into evidence at the impartial hearing, and refers to the transcript of the hearing for a complete and accurate statement of the testimony.

13. Denies the allegations set forth in paragraph "13" of the Complaint, except admits that the DOE did not appeal from the IHO decision, and respectfully refers the Court to the IHO decision for a complete and accurate statement of its contents.

14. Denies the allegations set forth in paragraph "14" of the Complaint, except admits that plaintiffs, through their attorney Mayerson & Associates, requested an impartial hearing on or about September 11, 2006.

15. Denies the allegations set forth in paragraph "15" of the Complaint, except admits that plaintiffs re-filed their request for an impartial hearing on or about November 3, 2006.

16. Denies the allegations set forth in paragraph "16" of the Complaint, except admits that hearing took place on May 8, June 22, and September 7, 2007, and that Christina D. Thivierge from Mayerson & Associates represented the plaintiffs at the impartial hearing, respectfully refers the Court to the judicial opinions cited therein for a complete and accurate statement of their contents and legal import, and respectfully refers the Court to the Impartial Hearing Officer's "Findings of Fact and Decision" dated October 25, 2007 ("second IHO decision") for a complete and accurate statement of its contents.

17. Denies the allegations set forth in paragraph "17" of the Complaint, except admits that plaintiffs submitted 30 exhibits at the impartial hearing and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the number of witnesses presented by plaintiffs at the impartial hearing.

18. Denies the allegations set forth in paragraph "18" of the Complaint, except admits that the DOE did not appeal from the second IHO decision, and respectfully refers the Court to the second IHO decision for a complete and accurate statement of its contents.

19. Denies the allegations set forth in paragraph "19" of the Complaint, except admits that plaintiffs, through their attorneys Mayerson & Associates, filed their request for an impartial hearing on or about October 3, 2006.

20. Denies the allegations set forth in paragraph "20" of the Complaint, except admits that the impartial hearing in this matter took place on November 13, 2006 and on January 16, March 19, May 2, June 18, and July 23, 2007, and respectfully refers the Court to the judicial opinions referred to therein for a complete and accurate statement of their contents and legal import.

21. Denies the allegations set forth in paragraph "21" of the Complaint, except admits that plaintiffs entered 21 exhibits into evidence at the impartial hearing and that the DOE offered documentary evidence and evidence adduced through cross-examination, and denies knowledge or information sufficient to form a belief as to the number of witnesses who testified for the plaintiffs at the impartial hearing, and respectfully refers to the impartial hearing transcript for a complete and accurate statement of what transpired at the impartial hearing.

22. Denies the allegations set forth in paragraph "18" of the Complaint, except admits that the DOE did not appeal from the Impartial Hearing Officer's "Findings of Fact and Decision" dated October 26, 2007 ("third IHO decision"), and respectfully refers the Court to the third IHO decision for a complete and accurate statement of its contents.

23. Denies the allegations set forth in paragraph "23" of the Complaint.

24. Denies the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE:

26. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

27. At all times relevant to the acts alleged in the Complaint, the conduct of defendant was lawful.

### THIRD AFFIRMATIVE DEFENSE:

28. Some or all of plaintiffs' claims are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE:

29. Plaintiffs have failed to provide documentation and information sufficient to support an award of reasonable attorney's fees.

### FIFTH AFFIRMATIVE DEFENSE:

30. Plaintiffs lack standing to assert the claims alleged in the Complaint.

- 6 -

   **WHEREFORE,** defendant requests judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         March 31, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendant
                              100 Church Street, Room 2-191
                              New York, New York 10007
                              (212) 788-1275


                              By:_____/S/_____
                                 Abigail Goldenberg (AG 4378)
                                 Assistant Corporation Counsel


To:   Gary S. Mayerson, Esq., by ECF
      Mayerson & Associates
      Attorney for Plaintiffs